## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                    MDL No. 3015

## TRANSFER ORDER

**Before the Panel**[*]**:**  Plaintiffs in the District of New Jersey *Jimenez* action move under 28 U.S.C. § 1407 to centralize this litigation involving the alleged contamination of Neutrogena and Aveeno-branded sunscreens made by Johnson & Johnson Consumer Inc. with benzene in the District of New Jersey.  Plaintiffs' motion includes eight actions pending in five districts, as listed on Schedule A, as well as nine potentially-related actions.[1]  Plaintiffs in all actions support centralization and propose one or more of the following districts: the District of New Jersey, the Northern District of California, the Southern District of Florida, the Northern District of Alabama and the Central District of California.  Defendants Johnson & Johnson Consumer Inc. and Johnson & Johnson (collectively, J&J) and Costco Wholesale Corporation support centralization in the District of New Jersey or the Southern District of Florida.

After considering the argument of counsel,[2] we find that centralization of these actions in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All actions can be expected to share factual questions arising from allegations that plaintiffs purchased sunscreens manufactured by J&J defendants that contained excessive amounts of benzene.  Plaintiffs' claims arise from tests an analytical pharmacy, Valisure LLC and ValisureRX LLC (Valisure), ran on a variety of sunscreen products.  Valisure reportedly tested numerous lots of spray and lotion sunscreen products from various manufacturers and discovered that certain of the J&J defendants' sunscreens contained excessive levels of benzene, a known human carcinogen that has been linked to leukemia and other

---

[*] Certain Panel members who may be members of the putative classes in this litigation have renounced their membership in these classes and participated in this decision.

[1] These actions, and any other related actions, are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of September 30, 2021.  *See* Suppl. Notice of Hearing Session, MDL No. 3015 (J.P.M.L. September 13, 2021), ECF No. 72.

Case 0:21-md-03015-AHS   Document 1   Entered on FLSD Docket 10/08/2021   Page 2 of 4
Case MDL No. 3015   Document 78   Filed 10/08/21   Page 2 of 4

- 2 -

cancers.  On July 14, 2021, J&J issued a voluntary recall of five affected product lines[3] from all distribution channels, and instructed consumers to stop using them.  Centralization offers substantial opportunity to streamline pretrial proceedings; reduce duplicative discovery and conflicting pretrial obligations; prevent inconsistent pretrial rulings (particularly on such issues as common *Daubert* challenges and class certification motions); and conserve the resources of the parties, their counsel and the judiciary.

At oral argument, the parties took varying positions on whether the MDL should include personal injury actions alongside the consumer class actions.  While all actions on the motion before us are consumer class actions, one of the nine potential tag-along actions, Northern District of Alabama *De Los Santos*, contains personal injury claims arising from plaintiff's alleged exposure to benzene in J&J sunscreen.  Based on the parties' arguments, there appears to be some merit to the view that this litigation can proceed more efficiently by allowing these consumer class cases to progress separately from the lone personal injury action.  But transfer of the *De Los Santos* case need not – indeed, cannot – be decided now because that case is not squarely before us.  Instead, we will address transfer of personal injury actions like *De Los Santos* in due course, as we do with all potential tag-along actions.  See Panel Rules 1.1(h), 7.1 and 7.2.

We are persuaded that the Southern District of Florida is the appropriate transferee district for these cases.  The first-filed case is pending in this district before Judge Anuraag Singhal.  The Southern District of Florida offers a convenient and readily accessible district.  By selecting Judge Singhal, we are selecting a jurist who has not yet had the opportunity to preside over multidistrict litigation.  We are confident that Judge Singhal will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Anuraag Singhal for coordinated or consolidated proceedings with the action pending there and listed on Schedule A.

IT IS FURTHER ORDERED that, because this litigation involves both aerosol and lotion sunscreens, the litigation caption is hereby changed to "IN RE: Johnson & Johnson Sunscreen Marketing, Sales Practices and Products Liability Litigation."

---

[3] The recall included: Neutrogena Beach Defense aerosol sunscreen, Neutrogena Cool Dry Sport aerosol sunscreen, Neutrogena Invisible Daily defense aerosol sunscreen, Neutrogena Ultra Sheer aerosol sunscreen and Aveeno Protect + Refresh aerosol sunscreen.  Several plaintiffs contend that this recall was inadequate and should have included other J&J sunscreen products.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*

Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION** MDL No. 3015

## SCHEDULE A

<u>Central District of California</u>

SHELLI FRENCH v. NEUTROGENA CORPORATION, C.A. No. 2:21−05048

<u>Northern District of California</u>

DOMINGUEZ, ET AL. v. JOHNSON & JOHNSON CONSUMER, INC., C.A. No. 3:21−05419
RAFAL v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−05524

<u>Southern District of Florida</u>

SEROTA v. NEUTROGENA CORPORATION, ET AL., C.A. No. 0:21−61103

<u>District of New Jersey</u>

JIMENEZ, ET AL. v. JOHNSON & JOHNSON CONSUMER, INC., C.A. No. 3:21−13113
MCLAUGHLIN v. JOHNSON & JOHNSON CONSUMER, INC., ET AL., C.A. No. 3:21−13710
BRIGLIO v. JOHNSON & JOHNSON CONSUMER, INC., C.A. No. 3:21−13972

<u>Southern District of New York</u>

LAVALLE v. NEUTROGENA CORPORATION, ET AL., C.A. No. 7:21−06091