**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:21-md-3015-SINGHAL/Valle**

| | |
|---|---|
| **IN RE:** | **MDL CASE NO.: 3015** |
| **JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **Order No. 1** |

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**
_____/

## ORDER SETTING INITIAL CONFERENCE

**THIS CAUSE** is before the Court upon *sua sponte* review of the record. The Judicial Panel on Multidistrict Litigation has transferred to this Court for centralized pretrial proceedings actions that concern alleged contamination of Neutrogena and Aveeno-branded sunscreens made by Johnson & Johnson Consumer Inc. with benzene in the District of New Jersey. The civil actions listed on "Schedule A," attached hereto, were transferred to this Court by order of the Judicial Panel on Multidistrict Litigation ("MDL Panel") pursuant to its Transfer Order (DE [1]) of October 8, 2021, and merit special attention as complex litigation. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. **INTRODUCTION**—The Court wishes to express its expectation that professionalism, courtesy, and civility will endure throughout these Multidistrict Litigation ("MDL") proceedings. *The Manual for Complex Litigation, Fourth* at section 10.21 captures the spirit in these terms:

    > The added demands and burdens of complex litigation place
    > a premium on attorney professionalism, and the judge should

>   encourage counsel to act responsibly. The certification requirements of Federal Rules of Civil Procedure 11 and 26(g) reflect some of the attorneys' obligations as officers of the court.

Because of the high level of competence and experience that attorneys ordinarily bring to this type of litigation, this Court is confident this objective will be achieved without judicial intervention. The added demands and burdens of this type of litigation place a premium on professionalism and require counsel to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and the Court.

2. **NOTICE OF COURT PRACTICE**—Multiple Plaintiffs or Defendants to an action shall file joint motions with co-parties unless there are clear conflicts of position. If conflicts of position exist, parties shall explain the conflicts in their separate motions.

3. **APPLICABILITY OF ORDER**—Prior to the Initial Conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions transferred to this Court by the MDL Panel pursuant to its Transfer Order (DE [1]) of October 8, 2021, as listed in "Schedule A." This Order also applies to all related actions filed in all sections of the Southern District of Florida and will also apply to any "tag-along actions" later filed in, removed to, or transferred to the Court by the MDL Panel.

4. **CONSOLIDATION**—The civil actions listed on "Schedule A" are consolidated for pretrial purposes. Any "tag-along actions" filed in, removed to, or transferred to this Court, or directly filed in the Southern District of Florida, will automatically be

consolidated with this action without the necessity of future motions or orders. However, when an action that relates to the same subject matter as this MDL is hereafter filed directly in this Court, it must include a Civil Cover Sheet indicating MDL No. 3015 and be accompanied by a Notice of Related or Similar Action pursuant to Local Rule 3.8 indicating MDL No. 3015. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

5. **INITIAL CONFERENCE**—Matters relating to pretrial and discovery proceedings in these cases will be addressed at an Initial Conference to be held on **January 6, 2022, at 2:00 p.m.** via ZOOM Video Conference.

   a. ***Appearance***—Each party represented by counsel shall appear at the Initial Conference through its attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent.

   b. ***Attendance***—To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

    c. ***Other Participants***—Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

    d. ***Instructions***—The Initial Conference will be conducted via ZOOM Video Conference.  Instructions for attending virtually shall be provided at a later date by subsequent order.  Participants shall include their full name and appearance as the "Screen Name" on ZOOM Video Conference. Participants should dress in appropriate court attire and appear in front of an appropriate professional background.

    Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings.  *See* S.D. Fla. L.R. 77.1.  Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**6.** **PREPARATIONS FOR INITIAL CONFERENCE**—The Initial Conference will be held for the purposes specified in the Federal Rules of Civil Procedure ("Rule") 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f). The items listed in the *Manual for Complex Litigation, Fourth*, Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the Initial Conference.

      a. ***Procedures for Complex Litigation***—Counsel are expected to familiarize themselves with *The Manual for Complex Litigation, Fourth*, and be prepared at the Initial Conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. Counsel are expected to familiarize themselves with this Court's local rules and procedures.

      b. ***Initial Conference of Counsel***—Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and be prepared to discuss the mode of trial. If the parties have any suggestions as to any case management orders or additional agenda items, these shall be filed in this case as a "Notice of Filing Suggested Case Management Orders and/or Additional Agenda Items" by **November 29, 2021**.

7. **PRELIMINARY REPORTS**—Counsel shall submit to the Court by **December 3, 2021**, a brief written statement, not to exceed two pages, indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. The Preliminary Reports shall be submitted to this Court by e-mail to Singhal@flsd.uscourts.gov in Word Format and the e-mail subject line shall state: "MDL No. 3015 – Preliminary Report [specific case number]." These statements will not be filed with the clerk, will not be binding, will not waive claims

or defenses, and may not be offered into evidence against a party in later proceedings. Counsel shall append to the Preliminary Report the following items:

    a. ***List of Affiliated Companies and Counsel***—To assist the Court in identifying any problems of recusal or disqualification, counsel shall submit to the Court a list of all companies affiliated with the parties and all counsel associated with the litigation.

    b. ***List of Pending Motions***—Counsel shall submit a list of all motions pending before the transferor court or this Court.

    c. ***List of Related Cases***—Counsel shall submit a list of all related cases pending in state or federal court and their current status, to the extent known. In addition, Counsel shall state whether there is an expectation of these cases becoming "tag-along" cases.

**8. INTERIM MEASURES**—Until otherwise ordered by this Court:

    a. ***Pleadings and Pending Motions***—Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court at the Initial Conference. In addition, all motions pending at the time of transfer are **DENIED WITHOUT PREJUDICE**.

    b. ***Pending and New Discovery***—Pending the Initial Conference and further orders of the Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. This Order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to

6

      the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rules of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rules 33, 34, or 36.  Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

  c.    **_Preservation of Records and Evidence_**—To further the just, speedy, and economical management of discovery, counsel shall meet and confer as soon as practicable, but no later than thirty (30) days from the date of this Order, to develop a plan for the preservation of documents, data, and tangible things reasonably anticipated to be subject to discovery in this action.  The parties may conduct this conference as part of the Rule 26(f) conference if it is scheduled to take place within thirty (30) days of the date of this Order.  The resulting preservation plan may be submitted to this Court as a proposed order under Rule 16(e).  All parties and their counsel are directed to preserve evidence that may be relevant to this action.

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.  "Documents, data, and tangible things" are to be

interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Preservation includes the obligation not to alter any such thing as to its form, content, or manner of filing. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences, or other consequences.

>   Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved.  If counsel are unable to agree, any party may apply to the Court for clarification or relief from this Order upon reasonable notice.

   d.  ***Filing of Discovery Requests***—In accordance with Local Rule 26.1(b), discovery requests and responses are not to be filed nor sent to the Judges' Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

   e.  ***Motions***—No motion shall be filed under Rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.  *See* Local Rule 7.1(a)(3).

   f.  ***Extensions of Time***—Parties are encouraged to seek extensions of time in a timely fashion.  "A motion for extension of time is not self-executing; no motion is, unless expressly provided for by the applicable rule.  Yet, by filing these motions on or near the last day, and then sitting idle pending the Court's disposition of the motion, parties essentially grant their own motion. The Court will not condone this."  *Compere v. Nusret Miami, LLC*, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020) (internal citations omitted).

9. **<u>ADMISSION OF COUNSEL</u>**[1]—Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Attorneys not admitted to practice in the United States District Court for the Southern District of Florida and who have not obtained local counsel are allowed electronic filing privileges **in this *IN RE: JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION* only**, and are permitted to file and receive service of documents electronically according to this Court's CM/ECF Administrative Procedures, notwithstanding language to the contrary in Special Rule 4 of the Local Rules of the United States District Court for the Southern District of Florida. Such attorneys shall file the Certificate of Understanding attached as "Schedule B." The Court directs the Court Administrator-Clerk of Court to assign CM/ECF usernames and passwords to such attorneys following the receipt by the Clerk of Court of properly executed Certificates of Understanding.

    a. An attorney who, due to exceptional circumstances, is unable to comply with the requirements of electronic filing, may apply to the Court for an order granting an exemption. The application shall be in writing and shall state the reason for the attorney's inability to comply.

    b. **<u>Pro Se Litigants</u>**—*Pro se* litigants shall file their documents with the Clerk of Court on paper. *Pro se* litigants, like all litigants, must comply with the

---

[1] Pursuant to Rule 1 of the Rules Governing Admission in this District, an attorney is eligible for admissions if the attorney is currently a member in good standing with the Florida Bar. Pursuant to Rule 4, attorneys who reside within this District and practice before this Court are expected to be members of the bar of this Court.

10

Federal Rules of Civil Procedure, Local Rules for the Southern District of Florida, and the Court's orders.  The Local Rules may be obtained from the Clerk of the Court.  Failure to comply with the federal and local rules may result in sanctions being imposed against *pro se* litigants.

10. **FILING REQUIREMENTS**—All pleadings or documents must be filed electronically pursuant to Local Rule 5.1(b) and this Court's Administrative Procedures for Electronic Filing.  Information on electronic filing can be found on the Court's website at: https://www.flsd.uscourts.gov/policies-procedures.

    a. ***Master Docket File***—Any pleading or document which is to be filed in any of these actions shall be filed with the Clerk of the Court in the Southern District of Florida and not in the transferor court.  The Clerk of Court will maintain a master docket case file under the style "***IN RE: JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION***" and the identification "21-3015-MDL."  When a filing is intended to be applicable to all actions, this shall be indicated in the caption of the filing by the words: "This Document Relates To All Actions."  When a filing is intended to apply to less than all cases, this Court's docket number for each individual case to which the document relates shall appear immediately after the words "This Document Relates To:" in the caption of the filing.

b. ***Case Caption***—The following is a sample of the filing caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-md-3015-SINGHAL/Valle

**IN RE:**                                                                             **MDL CASE NO.: 3015**

**JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION**
_____/

**THIS DOCUMENT RELATES TO:**

**[ALL CASES] or [Specify Cases]**
_____/

c. ***Case Format***—Unless otherwise specified by the Court, every motion, legal memorandum, brief, proposed order, and otherwise shall: be double-spaced, in justified alignment, in 12-point font, using either Times New Roman or Arial typeface.  This Notice does **not** supplant the requirements and provisions of Local Rule 7.1(c).  The Court cautions parties against excessive use of footnotes.

11. **DOCKETING**—When an action that properly belongs as part of ***IN RE: JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*** is hereinafter filed in the Southern District of Florida or transferred here from another court, the Clerk of Court shall:

a. File a copy of this Order in the separate file for such action;

b. Make an appropriate entry on the master docket sheet;

c. Forward to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

      d.      Upon the first appearance of any new defendant, forward to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

The parties and Clerk of Court are required to maintain a Master Docket File with a single docket number and master record style. Furthermore, when a document is filed and docketed in the master case, it is deemed filed and docketed in each individual case to the extent applicable and should not ordinarily be separately docketed or physically filed in any individual case.

12. **EMERGENCY PROCEDURES**—Counsel shall comply with Local Rule 7.1(d) when requesting emergency or expedited action from this Court.

13. **SERVICE LIST**—This Order is electronically mailed to counsel of record. Counsel are directed to forward a copy of this Order to any attorneys who should be notified of the Initial Conference.

14. **COMMUNICATIONS WITH THE COURT**—Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this provision shall

be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of October 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF