**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:21-md-03015-SINGHAL/Valle**

| | |
|---|---|
| **IN RE:**<br><br>**JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**<br><br>_____/<br><br>**THIS DOCUMENT RELATES TO: ALL CASES**<br><br>_____/ | **MDL CASE NO.: 3015** |

**COMPENDIUM OF PLAINTIFFS DECLARATIONS IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF ATTORNEYES' FEES, COST AND SERVICE AWARD**

      Plaintiffs hereby submit the following Compendium of Declarations in Support of Motion for Preliminary Approval of Class Action Settlement.

| DOCUMENT | TAB |
|---|---|
| Declaration of Katherine Brennan | 1 |
| Declaration of Michelle Mang | 2 |
| Declaration of Meredith Serota | 3 |
| Declaration of Jacob Somers | 4 |
| Declaration of Lauren Harper | 5 |
| Declaration of Dina Casaliggi | 6 |

| Declaration of Kelly Granda | 7 |
| Declaration of Kyra Harrell | 8 |
| Declaration of Heather Rudy | 9 |
| Declaration of Judith Barich | 10 |
| Declaration of Carman Grisham | 11 |

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-md-03015-SINGHAL/Valle

IN RE:                                                    MDL CASE NO.: 3015

JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

_____/

THIS DOCUMENT RELATES TO: ALL CASES
_____/

## DECLARATION OF KATHERINE BRENNAN IN SUPPORT OF UNOPPOSED MOTION FOR ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING

I, Katherine Brennan, named Plaintiff in the matter of *Brennan, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-04869 (N.D. Cal.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of my proposed appointment as a Class Representative.

2.      In or around April 2018, I purchased Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 70 from Costco Wholesale in San Leandro, located in Alameda County, California. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants'

Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 26, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously

represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that, if approved by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement.  I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.

Executed this __13__ day of December 2021.

Katherine Brennan (Dec 13, 2021 14:56 PST)

_____

KATHERINE BRENNAN

*Proposed Class Representative*

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-md-03015-SINGHAL/Valle

IN RE:                                                          **MDL CASE NO.: 3015**

**JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION**

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**

_____/

## DECLARATION OF MICHELLE MANG IN SUPPORT OF UNOPPOSED MOTION FOR ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING

I, Michelle Mang, named Plaintiff in the matter of *Brennan, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-04869 (N.D. Cal.), hereby declare as follows:

1.     I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of my proposed appointment as a Class Representative.

2,     Between 2017 and 2019, I purchased Neutrogena Cool Dry Sport Water-Resistant Sunscreen Spray SPF 50, Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 70, and Ultra Sheer Dry-Touch Water Resistant Sunscreen Lotion SPF 70 at Walmart, 600 Showers Dr., Mountain View, CA 94040 and Target, 555 Showers Dr., Mountain View, CA 94040. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have

purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.     Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.     When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.     At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.     Since filing this class action lawsuit on May 26, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.     Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.     I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that, if approved by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement.  I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.

Executed this __14__ day of December 2021.

Michelle Mang (Dec 14, 2021 :04 PST)

MICHELLE MANG
*Proposed Class Representative*

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-md-03015-SINGHAL/Valle

IN RE:                                                    MDL CASE NO.: 3015

JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
_____/


THIS DOCUMENT RELATES TO: ALL CASES
_____/


<u>**DECLARATION OF MEREDITH SEROTA IN SUPPORT OF UNOPPOSED MOTION
FOR ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT,
APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND
SCHEDULING FAIRNESS HEARING**</u>

I, Meredith Serota, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson
Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for
Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing
Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of
my proposed appointment as a Class Representative.

2.      In or around March 20, 2020, I purchased Neutrogena Ultra Sheer® Weightless
Sunscreen Spray SPF 100+ (Qty 2) and Neutrogena Ultra Sheer Face Mist SPF 55 (Qty 4) from Target,
located at 3599 W. Hillsboro Blvd. Deerfield Beach, Florida 33442, in Broward County. I paid
approximately $8.99 each for the Neutrogena Ultra Sheer® Weightless Sunscreen Spray SPF 100+ and
$12.99 each for the Neutrogena Ultra Sheer Face Mist SPF 55. During that time, I was unaware that
Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants'
Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate

and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action Complaint.

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that, if approved by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.

Executed this __13__ day of December 2021.

_Meredith J.Serota_
Meredith J.Serota (Dec 13, 2021 20:15 EST)

MEREDITH SEROTA
*Proposed Class Representative*

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL/Valle**

IN RE:                                                          MDL CASE NO.: 3015

**JOHNSON & JOHNSON AEROSOL SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____/

**THIS DOCUMENT RELATES TO: ALL CASES**
_____/

**DECLARATION OF JACOB SOMERS IN SUPPORT OF UNOPPOSED MOTION FOR**
**ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT,**
**APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND**
**SCHEDULING FAIRNESS HEARING**

I, Jacob Somers, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1. I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of my proposed appointment as a Class Representative.

2. Within the past 4 years, I purchased numerous Neutrogena sunscreen products, including Neutrogena Beach Defense SPF 100, from Walmart in Escambia County, Florida. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products I would not otherwise have

purchased absent Defendants' conduct as alleged in my First Amended Class Action Complaint.

3.       Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants.  I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.       When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary.  I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.       At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.       Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.       Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.       I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.       I understand the Parties have reached a proposed class-wide Settlement that, if approved by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.       I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that

fully approve the Settlement. I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.

Executed this __14__ day of December 2021.

Jacob Somers (Dec 14, 2021 09:40 CST)

_____

JACOB SOMERS
*Proposed Class Representative*

# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-md-03015-SINGHAL/Valle

IN RE:                                          MDL CASE NO.: 3015

JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

_____/


THIS DOCUMENT RELATES TO: ALL CASES
_____/


<u>DECLARATION OF LAUREN HARPER IN SUPPORT OF UNOPPOSED MOTION FOR
ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT,
APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND
SCHEDULING FAIRNESS HEARING</u>

I, Lauren Harper, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of my proposed appointment as a Class Representative.

2.      Within the past four years, I purchased Neutrogena Beach Defense Sunscreen Spray SPF 70 from Target, located at 1985 Sheridan Blvd., Edgewater, Colorado 80214, in Jefferson County, Colorado. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene.  As a result, I suffered injury in fact when I spent money to purchase

products I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that, if approved by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.      I believe that the Settlement is an outstanding result for the proposed Settlement Class

that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.    Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.    Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.    I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.

Executed this ___13___ day of December 2021.

_____
Lauren Harper (Dec 13, 2021 18:15 MST)

LAUREN HARPER
*Proposed Class Representative*

# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-md-03015-SINGHAL/Valle

IN RE:                                                    MDL CASE NO.: 3015

JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
_____/


THIS DOCUMENT RELATES TO: ALL CASES
_____/


<u>DECLARATION OF DINA CASALIGGI IN SUPPORT OF UNOPPOSED MOTION
FOR ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT,
APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND
SCHEDULING FAIRNESS HEARING</u>

I, Dina Casaliggi, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of my proposed appointment as a Class Representative.

2.      In or around 2020, I purchased Neutrogena Beach Defense Sunscreen Spray SPF 50 in Brooklyn, New York. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene.  As a result, I suffered injury in fact when I spent money to

purchase products I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.     Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.     When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.     At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.     Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.     Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.     I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.     I understand the Parties have reached a proposed class-wide Settlement that, if approved

by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award

Executed this _____ day of December 2021.

_____
Dina Casaliggi (Dec 14, 2021 11:03 EST)

DINA CASALIGGI
*Proposed Class Representative*

# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-md-03015-SINGHAL/Valle

IN RE:                                                    MDL CASE NO.: 3015

JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
_____/

THIS DOCUMENT RELATES TO: ALL CASES
_____/


DECLARATION OF KELLY GRANDA IN SUPPORT OF UNOPPOSED MOTION FOR
ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT,
APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND
SCHEDULING FAIRNESS HEARING

I, Kelly Granda, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of my proposed appointment as a Class Representative.

2.      In or around July 1, 2021, I purchased Neutrogena Beach Defense Sunscreen Spray SPF 50 for $13.91 from Sam's Club, located in Brooklyn, Ohio. In or around June 24, 2021, I purchased Neutrogena Beach Defense Sunscreen Spray SPF 30 for $12.99 and Neutrogena Wet Skin Kids Sunscreen Spray SPF 70 for $13.99 from FSAstore.com, an online retailer. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased

Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that, if approved by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement.  I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award

Executed this __13__ day of December 2021.


Kelly Granda (Dec 13, 2021 23:35 EST)

KELLY GRANDA
*Proposed Class Representative*

# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-md-03015-SINGHAL/Valle

IN RE:                                                          MDL CASE NO.: 3015

JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

_____/

THIS DOCUMENT RELATES TO: ALL CASES
_____/

## DECLARATION OF KYRA HARRELL IN SUPPORT OF UNOPPOSED MOTION FOR ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING

I, Kyra Harrell, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.     I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of my proposed appointment as a Class Representative.

2.     In or around March 2021, I purchased Neutrogena Ultra Sheet Sunscreen Spray SPF 100+ from Walmart, located at 2295 Gable Road, St. Helens, Oregon 97051. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products I would not otherwise have

purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that, if approved by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement.  I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.

Executed this __15__ day of December 2021.

Kyra Harrell
<span>Kyra Harrell (Dec 15, 2021 08:10 PST)</span>

KYRA HARRELL
*Proposed Class Representative*

# EXHIBIT 9

DocuSign Envelope ID: 67AF57A2-D608-4B84-96A7-E1C20CCC1954

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-md-03015-SINGHAL/Valle

IN RE:                                                    MDL CASE NO.: 3015

JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
_____/

THIS DOCUMENT RELATES TO: ALL CASES
_____/


**DECLARATION OF HEATHER RUDY IN SUPPORT OF UNOPPOSED MOTION FOR
ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT,
APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND
SCHEDULING FAIRNESS HEARING**

I, Heather Rudy, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of my proposed appointment as a Class Representative.

2.      Within the past four years, I purchased numerous Neutrogena sunscreen products, including Neutrogena Beach Defense Sunscreen Spray SPF 100 and Neutrogena Beach Defense Sunscreen Spray SPF 30, from Walgreens in Gurney, Illinois and Walmart in Waukegan, Illinois. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may

DocuSign Envelope ID: 67AF57A2-D608-4B84-96A7-E1C20CCC18F4

contain benzene. As a result, I suffered injury in fact when I spent money to purchase products I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.  Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.  When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.  At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.  Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.  Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.  I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.  I understand the Parties have reached a proposed class-wide Settlement that, if approved by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

DocuSign Envelope ID: 67AF57A2-D608-4B84-96A7-E1C20CCC18E4

10. I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11. Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12. Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13. I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.

Executed this __14__ day of December 2021.

DocuSigned by:

*Heather Rudy*

51A4E4B68C0B4C6...

HEATHER RUDY
*Proposed Class Representative*

# EXHIBIT 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL/Valle**

IN RE:                                                      MDL CASE NO.: 3015

**JOHNSON & JOHNSON AEROSOL SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____/

**THIS DOCUMENT RELATES TO: ALL CASES**
_____/

**DECLARATION OF JUDITH BARICH IN SUPPORT OF UNOPPOSED MOTION FOR**
**ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT,**
**APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND**
**SCHEDULING FAIRNESS HEARING**

I, Judith Barich, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of my proposed appointment as a Class Representative.

2.      Within the past four years, I purchased numerous Neutrogena sunscreen products, including Neutrogena Beach Defense Sunscreen Spray SPF 100 and Neutrogena Beach Defense Sunscreen Spray SPF 70, from Walgreens, located at 8720 W. Grand River Rd., Brighton, Michigan 48116 and/or Meijer, located at 8650 Grand River Ave., Brighton, Michigan 48116. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased

DocuSign Envelope ID: EC5A0C83-675A-4E1F-8C6E-87CB087EE192

Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

      3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

      4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

      5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

      6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

      7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

      8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

DocuSign Envelope ID: EC5A6C83-675A-4E1F-8C6E-87CB087EE182

9.      I understand the Parties have reached a proposed class-wide Settlement that, if approved by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement.  I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.

Executed this ___14th___ day of December 2021.

DocuSigned by:

*Judith M Barich*

B6EFC40F618E4FZ...

JUDITH BARICH

*Proposed Class Representative*

# EXHIBIT 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:21-md-03015-SINGHAL/Valle

IN RE:                                                  MDL CASE NO.: 3015

JOHNSON & JOHNSON AEROSOL SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
_____/


THIS DOCUMENT RELATES TO: ALL CASES
_____/



<u>DECLARATION OF CARMEN GRISHAM IN SUPPORT OF UNOPPOSED MOTION
FOR ENTRY OF AN ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT,
APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE CLASS, AND
SCHEDULING FAIRNESS HEARING</u>

        I, Carmen Grisham, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson*

*Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

        1.      I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for

Entry of an Order Preliminarily Approving Class Settlement, Appointing Class Counsel, Directing

Notice to the Class, and Scheduling a Fairness Hearing. I further submit this declaration in support of

my proposed appointment as a Class Representative.

        2.      Within the past four years, I purchased numerous Neutrogena sunscreen products,

including Neutrogena Beach Defense SPF 60+ (Qty 2) and Neutrogena Beach Defense SPF 70 within

the State of Washington. During that time, I was unaware that Defendants' Sunscreen Products may be

adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the

labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe

and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk

the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase

products I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.     Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.     When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to review documents, search for documents and produce them to my attorneys, answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary.  I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.     At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.     Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.     Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.     I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.     I understand the Parties have reached a proposed class-wide Settlement that, if approved by the Court, will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement.  I expressed by approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.      Therefore, I respectfully request that the Court grant preliminary approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel may seek compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.

Executed this __15 15__ day of December 2021.

Carmen Grisham (Dec 15, 2021 09:01 MST)

CARMEN GRISHAM
*Proposed Class Representative*