**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                                                             MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**

                                                                    /

**THIS DOCUMENT RELATES TO: ALL CASES**

                                                                    /

**DECLARATION OF R. JASON RICHARDS IN SUPPORT OF MOTION**
**TO APPOINT INTERIM CLASS COUNSEL UNDER RULE 23(g) AND CLASS**
**COUNSEL AS REQUESTED IN THE MOTION FOR PRELIMINARY APPROVAL**

I, R. Jason Richards, hereby declare as follows:

1. I am a partner at Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO"), counsel of record for Plaintiffs Meredith Serota, Jacob Somers, Lauren Harper, Heather Rudy, Fredric Salter, Judith Barich, Dina Casaliggi, Kelly Granda, Kyra Harrell, and Carman Grisham (the "*Serota* Plaintiffs"), and Katherine Brennan and Michelle Mang (the "*Brennan* Plaintiffs"). Plaintiff Merideth Serota's case was the first filed of all cases seeking relief arising out of the presence of benzene in defendants' sunscreen products. The *Brennan* Plaintiffs class action suit was the second filed case. I am submitting this declaration in support of Plaintiffs' Motion to Appoint Interim Class Co-Lead Counsel and Interim Class Liaison Counsel under Federal Rule of Civil Procedure 23(g). The following statements are based on my personal knowledge and review of the files and, if called on to do so, I could and would testify competently thereto.

**EXPERIENCE OF COUNSEL**

2. AWKO is a national law firm with experience in products liability law, mass torts, class actions, insurance law, and personal injury matters. AWKO has extensive experience litigating claims in multidistrict litigations as well as experience in consumer class actions. AWKO also employs on-site IT specialists and a database administrator and software developer. Details on the work, experience and accomplishments of the firm can be found at www.awkolaw.com.

3. I have been a member of the State Bar of Colorado since 2001 and a member of the State Bar of Florida since 2005. I hold the following degrees: B.A., University of Alabama at Birmingham; B.A., University of Alabama at Birmingham; M.A., University of Colorado; J.D., University of Illinois Chicago School of Law; L.L.M., DePaul University College of Law. My involvement in various forms of multidistrict litigation and class action litigation spans more than a 15 years during which time I have litigated hundreds of cases.

4. I served as a Deputy District Attorney in Colorado prosecuting misdemeanor and felony cases before joining AWKO as an associate attorney in 2004. I became an equity partner at AWKO in 2008. Since joining AWKO, I have specialized in products liability, class actions, and insurance law.

5. I have argued cases before trial courts and courts of appeal, and have served as lead counsel in approximately a dozen trials. I have authored briefs submitted to the United States Supreme Court on behalf of Plaintiff Steering Committees in multidistrict litigations as well as in individual matters before other federal district courts, federal circuit courts, and state appellate courts. I have published over 20 peer-reviewed law review/journal articles during my career which have been cited as authority in over a dozen state and federal court opinions, including federal circuit court opinions. My publications are varied and include class action and

product liability issues. I have been asked to speak on various legal topics at numerous professional conferences, CLE seminars, law schools and colleges. I have also been honored by Super Lawyer's Magazine in the area of products liability. I have an AV® Peer Review Rating from Martindale-Hubbell, serve as an Adjunct Professor at the University of West Florida, and serve as a member of the UWF Legal Studies Advisory Board. From 2012-2018, I was a member of the Florida Bar Journal's Editorial Board, serving as its Chair from 2015-2016.

6. Myself, along with my partners, have significant multidistrict litigation and class action experience. Notable examples of this experience include:

Class Actions

- *Hinote, et al. v. Ford Motor Company, et al.*, Circuit Court, Escambia County, Florida, Case No. 2004- CA-01658;
- *In re: MCI Non-Subscriber Telephone Rates Litigation*, MDL Docket No. 1275 (S.D. Ill);
- *In re: America Online, Inc. Version 5.0 Software Litigation*, MDL Docket No. 1341 (S.D. Fla);
- *Ouellette v. Wal-Mart*, Circuit Court, Washington County, Florida, Case No. 67-01-CA-32;
- *In re: DryClean USA Litigation*, Circuit Court, Dade County, Florida, Case No. 02-27169-CA-27;
- *In re: Shell Defective Gas Litigation*, Circuit Court, Dade County, Florida, Case No. 04-12297-CA-10; and
- *Begley v Ocwen Loan Servicing, LLC*, United States District Court for the Northern District of Florida, Case No. 3:16-cv-00149.

Members of the firm have also litigated other national class action cases, including: *In re: Honey Transshipping Litigation*, 13-cv-02905, (N.D. Ill.); *Cottrell, et al. v. Alcon Laboratories, et al.*, 3:14- cv-05859 (D. N.J.); *In re: Microsoft Antitrust Litigation,* MDL Docket No. 1332

(D. Md.), as well as numerous state court class actions such as *In re: Baker v. Baptist Hospital, Inc.,* Circuit Court, Santa Rosa County, Florida, Case No. 2010-CA-1591*; Patel v. Citizens Property Ins. Corp.*, Circuit Court, Escambia County, Florida, No. 05-284; and *Lowry v. Vanguard Fire & Cas. Co.*, Circuit Court, Santa Rosa County, Florida, Case No. 05-674.

Courts around the country have appointed the firm's attorneys to positions of leadership in a variety of national litigations. Examples include:

Multidistrict Litigations

- *In re: 3M Combat Arms Earplug Prods. Liab. Litig*., MDL 2885 (Lead Counsel)
- *In re: Abilify Products Liab. Litig.,* MDL 2734 (Liaison Counsel)
- *In re: Ethicon, Inc., Pelvic Repair System Prod. Liab. Litig.,* MDL 2327 (Co-Lead Counsel);
- *In re: Avandia Marketing, Sales Practices and Prod. Liab. Litig.*, MDL 1871 (Co-Lead Counsel);
- *In re: Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, MDL 2004 (Co-Lead Counsel);
- *In re: Effexor (Venlafaxine Hydrochloride) Prod. Liab. Litig.*, MDL 2458 (Co-Lead Counsel and Multi-District Coordinating Counsel);
- *In re: Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, MDL 2004 (Co-Lead);
- *In re: Zoloft (Sertraline Hydrochloride) Prod. Liab. Litig.*, MDL 2342 (Coordinating Counsel);
- *In re: Incretin Mimetics Prod. Liab. Litig.*, MDL 2452 (Plaintiffs' Executive Committee);
- *In re: Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig.*, MDL 2385 (PEC);
- *In re: Actos (Pioglitazone) Product Liability Litigation*, MDL 2299 (PSC and Plaintiffs' Settlement Review Committee);
- *In re: Viagra Products Liability,* MDL 1724 (PSC and Co-Lead Settlement Counsel);

- *In re: Biomet M2a Magnum Hip Implant Prod. Liab. Litig.*, MDL 2391 (PSC);
- *In re: Stryker Rejuvenate and ABGII Hip Implant Prod. Liab. Litig.*, MDL 2441 (PSC);
- *In re: Ethicon, Inc. Power Morcellator Prod. Liab. Litig.*, MDL 2652 (PSC);
- *In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.*, MDL 2592 (PSC);
- *In re: Zimmer NexGen Knee Implant Prod. Liab. Litig.*, MDL 2272 (PSC);
- *In re: Biomet M2a Magnum Hip Implant Prod. Liab. Litig.,* MDL 2391 (PSC);
- *In re: Stryker Rejuvenate and ABGII Hip Implant Prod. Liab. Litig.*, MDL 2441 (PSC)
- *In re: Fleet Oral Sodium Phosphate Litigation*, MDL 2066 (PSC); and
- *In re: Trasylol Prod. Liab. Litig.*, MDL 1928 (PSC).

7. Additionally, I have personally served in leadership positions in numerous complex cases, including class actions and multidistrict litigations, where I worked collaboratively and cooperatively with co-counsel to bring about an efficient and beneficial resolution for class members and/or individuals in consolidated proceedings. For example, in *Baker, et al. v. Baptist Hospital, Inc.,* I served as lead counsel in a certified class action in Florida seeking, among other things, injunctive relief as it related to enforcement of allegedly invalid hospital liens. Permanent injunctive relief was ultimately granted on behalf of the class after an appeal. My appointments to positions of leadership in multidistrict litigations include:

- *In re: Fluoroquinolone Prods. Liab. Litig.,* MDL 2642 ((Plaintiffs' Executive Committee);
- *In re: Effexor (Venlafaxine Hydrochloride) Prods. Liab. Litig.*, MDL 2458 (Plaintiffs' Steering Committee);
- *In re: Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, MDL 2342 (Plaintiffs' Discovery, Marketing and Law and Briefing Committees);
- *In re: Avandia Marketing, Sales Pract. and Prods. Liab. Litig.,* MDL 1871 (Plaintiffs' Law and Briefing Committee); and

- *In re: Viagra Prods. Liab. Litig.*, MDL 1724 (Plaintiffs' Discovery/Law and Briefing Committee).

8. Our office has performed substantial work in this litigation to identify, investigate and prosecute the potential class action claims in this case. This has included pre-filling investigation and research into the claims in this case; communications with the named Plaintiffs; testing sunscreen products; legal research concerning the claims that should be brought in the initial and amended complaint; drafting and filing the initial class action complaints in Florida and California as well as the amended complaints; communications with class members; surveying of class members; drafting and service of pre-suit disclosure letters; preparation of document requests; extensive and multiple written and telephonic meet and confers with defendants; consultation with potential experts regarding the issues in this case, including the evaluation of claims asserted by JJCI; conferring with defense counsel and other plaintiffs' attorneys concerning case management and organization; hosting a webinar to educate other counsel on the litigation; engaging in motion practice, including in the JPML in support of consolidation; preparing for and engaging in a mediation; assessing the merits of JJCI's claims and defenses; and engaging in extensive telephonic settlement discussions with defendants culminating in a tentative class-wide settlement. Such work has provided an unsurpassed base of knowledge about this case.

9. Through due diligence and voluntary informal disclosures, our office has confirmed that millions of Sunscreen Products have been affected by the recall, resulting in refund requests from more than 333,028 claimants for refunds totaling $9,284,264.58, and an average refund check of $29.53. My office has also received informal disclosures revealing information about JJCI's notice of the benzene contamination, communications between JJCI

and its affiliates concerning the benzene contamination; information regarding studies and analysis performed by JJCI with respect to the benzene contamination; JJCI's communications with FDA regarding the benzene contamination; information about JJCI's sunscreen manufacturers and raw material suppliers; and information on the JJCI's refund program, including procedures and protocols for processing refunds, criteria for payment, number of claims made, refund amounts paid, consumer complaints made, and consumer communications.

10. My office and I are committed to continuing to prosecute the case vigorously on behalf of the named Plaintiffs and putative class. We have a wealth of experience in false advertising and product liability class action litigation, and will commit the resources necessary to achieve the best result we can for the class. As in our other class action cases, we are committed to fairly and adequately representing the interests of the class here.

11. As discussed further in the accompanying motion, in our judgment as experienced class action litigators, Kiley Grombacher and I believe that the appointment of our firms as Interim Co-Lead Counsel is critical to safeguard the important substantive rights of absent class members. The prompt designation of capable counsel, such as our firm now, which is able to proceed forcefully and promptly to help protect the prospective class, will expedite this litigation.

I declare under penalty of perjury under the laws of the State of Florida and the United States that the foregoing is true and correct.

Executed this 17th day of December 2021, at Pensacola, Florida.

/s/R. Jason Richards
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC