**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:21-md-3015-SINGHAL/Valle**

| | |
|---|---|
| **IN RE:** | **MDL CASE NO.: 3015** |
| **JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Order No. 12 |

_____/

**THIS DOCUMENT RELATES TO: ALL CASES**
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Appoint Interim Class Counsel Under Rule 23(g) and Class Counsel as Requested in the Motion for Preliminary Approval and Incorporated Memorandum of Law ("Plaintiffs' Motion to Appoint Interim Class Counsel") (DE [57]), filed December 20, 2021, requesting an Order appointing Aylstock, Witkin, Kreis & Overholtz, PLLC; Bradley/Grombacher, LLP; Beasley, Allen, Crow, Methvin, Portis & Miles, PC; Keller Lenkner, LLC; and Walsh Law, PLC as Interim Class Counsel in this action under Federal Rule of Civil Procedure 23(g). Plaintiffs propose that, at the sound discretion of this Court, all five firms be appointed to represent the putative class to work cooperatively and without unnecessary duplication of efforts in such capacity.

On January 6, 2022, this Court held the Initial Conference in this matter, set the Motion for Preliminary Approval of Class Settlement (DE [55]) for hearing, and invited counsel involved in MDL Proceeding 21-md-3015 to submit applications to be selected as Plaintiffs' lead/liaison counsel by January 14, 2022. *See also* (Order (DE [62]) Order

No. 10, entered Jan. 10, 2022) (directing the parties, if they were unable to reach an agreement regarding lead/liaison counsel, to submit applications by January 14, 2022). In addition to counsel named in the instant motion (DE [57]), the Court received two additional applications.

The appointment of interim class counsel is authorized by Rule 23(g)(3) of the Federal Rules of Civil Procedure. In cases such as this, where multiple overlapping and duplicative class actions have been filed, designation of interim class counsel is encouraged, and indeed is essential for efficient case management. *See generally Manual for Complex Litigation*, (Fourth) § 21.11 (2004). Generally, such counsel hold responsibility for "protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* § 21.11 at 246. Ultimately, the Court's goal is "achieving efficiency and economy without jeopardizing fairness to the parties." *Id.* § 10.221 at 25.

This Court is grateful to all counsel who had the interest and took the time to apply for leadership positions. It is, for counsel, an enormous personal commitment of time, dedication and resources to lead an MDL of this size and nature. All applicants are well-qualified candidates for leadership positions and choosing among the applicants was a difficult task. In doing so, the Court has considered many factors, including argument from counsel, a review of the applicants' written submissions, other leadership positions, and reputation earned from colleagues and judges in other litigation, as well as the guidance provided by the Manual for Complex Litigation, and Federal Rule of Civil Procedure 23(g). There is no doubt each applicant—those selected and those not—will

more than adequately represent the interests of their clients and the class, however, adding them to the Committee considering the relatively unique posture and history of this case is not necessary to protect the interests of the litigants.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Appoint Interim Class Counsel as Required in the Motion for Preliminary Approval and Incorporated Memorandum of Law (DE [57]) is **GRANTED**.

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the five firms as members of the Interim Class Counsel to act on behalf of the proposed class in MDL Proceeding 21-md-3015: Aylstock, Witkin, Kreis & Overholtz, PLLC; Bradley/Grombacher, LLP; Beasley, Allen, Crow, Methvin, Portis & Miles, PC; Keller Lenkner, LLC; and Walsh Law, PLC.  The Interim Class Counsel will submit a single proposed order detailing the agreed-upon organization and structure of counsel, the duties outlined in the *Manual for Complex Litigation, Fourth*, Section 10.221, and a procedure for the recordkeeping of the time expended and costs incurred on a monthly basis, or such other schedule as may be established, on or before **February 22, 2022**, by e-mail to Singhal@flsd.uscourts.gov in Word Format and the e-mail subject line shall state: "MDL No. 3015 – Proposed Order: Interim Class Counsel."

The Court will consider a process for periodically evaluating leadership appointees' performance and commitment to the tasks assigned, as well as the ongoing needs of the litigation.  The Court will also periodically assess the needs of the litigation overall, including whether any additional or different resources are necessary for the Committee as the case progresses.

This Order applies to each member related case previously transferred to, removed to, or consolidated into MDL Proceeding 21-md-3015. In cases subsequently transferred to, removed to, or consolidated into MDL Proceeding 21-md-3015, Interim Class Counsel shall serve a copy of the most recent pretrial order to plaintiff's counsel appearing in each new action upon removal, transfer, or consolidation. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by this Court.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 9th day of February 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF