**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:21-md-3015-SINGHAL/Valle**

| | |
|---|---|
| **IN RE:** | **MDL CASE NO.: 3015** |
| **JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | Order No. 14 |
| _____/ | |
| **THIS DOCUMENT RELATES TO: ALL CASES** | |
| _____/ | |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

**THIS CAUSE** is before the Court on Plaintiffs' Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement ("Motion") (DE [55]), filed December 17, 2021.  Plaintiffs Katherine Brennan, Michelle Mang, Meredith Serota, Jacob Somers, Lauren Harper, Dina Casaliggi, Kelly Granda, Kyra Harrell, Carman Grisham, Heather Rudy, Fred Salter, and Judith Barich on behalf of the putative classes ("Plaintiffs" or "Class Representatives") and Johnson & Johnson Consumer Inc. ("JJCI" or "Defendant") (collectively Plaintiff and Defendant are "Parties") have entered into a settlement agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein (the "Settlement").  After reviewing the Motion (DE [55]), the Settlement and exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Preliminary Approval Hearing held on February 17, 2022, and the record in the Action, and good cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement, unless otherwise defined herein.

2. Plaintiffs' Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement (DE [55]) is **GRANTED**.

3. The Parties have moved the Court for an order approving the Settlement of the Action in accordance with the Settlement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement and having heard the Parties, preliminarily **APPROVES** the Settlement in its entirety subject to the Final Approval Hearing referred to in Paragraph 19 of this Order.

4. This Court finds it has jurisdiction over the subject matter of this Action and over all Parties to the Action.  The Court finds, subject to the Final Approval Hearing, the Settlement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class defined below.  The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c)

meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, and the U.S. Constitution; and (d) is not a finding or admission of liability by JJCI or any other person(s), nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

### Certification of the Settlement Class

5. For purposes of settlement only: (a) Aylstock, Witkin, Kreis & Overholtz PLLC, Bradley/Grombacher LLP, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Keller Lenkner LLC, and Walsh Law PLC are appointed Class Counsel for the Class; and (b) Plaintiffs are appointed class representatives for the Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs will adequately protect the interests of the Class defined below.

6. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement:

    > all persons and entities in the United States who purchased one or more of the following products for personal, family, or household use and not for resale at any time between May 26, 2015 and the Notice Date: Neutrogena® Beach Defense® aerosol sunscreen, Neutrogena® Cool Dry Sport aerosol sunscreen, Neutrogena® Invisible Daily™ defense aerosol sunscreen, Neutrogena® Ultra Sheer® aerosol sunscreen, Aveeno® Protect + Refresh aerosol sunscreen, Neutrogena® Ultra Sheer® Dry-Touch Water Resistant Sunscreen, Neutrogena® Sheer Zinc™ Dry-Touch Face Sunscreen, and Aveeno® Baby Continuous Protection® Sensitive Skin Sunscreen Lotion.

    a. For the purposes of this definition, individuals living in the same household shall be deemed to be a single Class Member.

3

    b. Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of JJCI, or its subsidiaries and affiliated companies; (b) persons or entities who purchased the Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; (d) persons or entities who timely and properly exclude themselves from the Class as provided in this Settlement; and (e) the Court, the Court's immediate family, and Court staff.

7. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 19 below, that, solely within the context of and for the purposes of settlement only, the Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Class; (c) the claims of the Class Representatives are typical of the claims of the members of the Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Class; (d) common questions of law or fact predominate over questions affecting individual Class Members; and (e) a class action is a superior method for fairly and efficiently adjudicating the Action.

8. If the Settlement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Class shall be vacated, the Parties shall revert to their positions in the Action as they

existed prior to the Settlement, and the Class Representatives and the Class Members will once again bear the burden to prove their claims at trial.

**Notice and Administration**

9. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement, including the Claim Form attached to the Settlement as Exhibit C,[1] all forms of Notice to the Settlement Class as set forth in the Settlement and Exhibits A and B thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is rationally and sensibly calculated to, under all circumstances, reasonably apprise members of the Class of the pendency of this Action, the terms of the Settlement, and the right to object to the Settlement and to exclude themselves from the Class. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process.

10. The Parties have jointly selected a reputable settlement administration company, Rust Consulting ("Rust"), to serve as the Settlement Administrator. Accordingly, the Court **APPOINTS** and **AUTHORIZES** Rust to be the Settlement Administrator, and thereby to perform and execute the notice responsibilities set forth in the Settlement.

11. The Parties, without further approval from the Court, are **PERMITTED** to revise the Claim Form and forms of Notice to the Settlement Class (Exhibits A through

---

[1] *See* specifically (DE [55-9]) Exhibit to KLG Declaration (Class Action Settlement Agreement).

5

C of the Settlement) in ways that are appropriate to update those documents for purposes of accuracy or formatting, so long as they are consistent in all material respects with the Settlement and this Order.

**Submission of Claims and Requests for Exclusion from Class**

12. Class Members who wish to receive a Voucher under the Settlement must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or electronically submitted **by ninety (90) calendar days** from the Notice Date ("Claims Deadline").

13. Any person falling within the definition of the Class may, upon valid and timely request, exclude him or herself or "opt out" from the Class. Any such person may do so if they comply with the exclusion procedures set forth in the Settlement on or before ninety (90) calendar days from the Notice Date ("Objection and Exclusion Date"). Any members of the Class so excluded shall neither be bound by the terms of the Settlement nor entitled to a Voucher.

14. Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement and the Final Judgment (if issued), regardless of whether they have requested exclusion from the Settlement, regardless of whether they have submitted a Claim Form, and regardless of whether that Claim Form has been deemed valid.

**Objections and Appearances**

15. Any Class Member who has not timely filed a Request for Exclusion may object to the fairness, reasonableness, or adequacy of the Settlement, to a Final Judgment being entered dismissing the Action with prejudice, to the attorneys' fees and costs sought by Class Counsel, or to the incentive awards sought for the Class Representatives in the amounts as set forth in the Notice and Settlement.

16. Any Class Member who wishes to object must do so by on or before the Objection and Exclusion Date. Class Members shall submit written objections to the Court by filing with the Clerk of the United States District Court for the Southern District of Florida or via the ECF electronic filing system. In addition to timely filing a written objection with the Court, any Class Member who wishes to object shall send the written objection to the Settlement Administrator by U.S. mail at the mailing address to be included in the Long Form Notice, substantially in the form attached as Exhibit A to the Settlement or by e-mail to the following e-mail address: info@sunproductsettlement.com,[2] along with a copy by U.S. mail or e-mail to Class Counsel and Defense Counsel postmarked no later than the Objection and Exclusion Date.

17. To validly object, the objection must comply with the objection procedures set forth in the Settlement, and shall include the following: (a) the Class Member's full name; (b) current address; (c) a written statement of their objection(s) and

---

[2] The Court has assumed a scrivener's error here and has corrected the email address supplied in the proposed order. But, in case the Court is incorrect, see (DE [55-10]) at page 6 of 8 which identifies the address as info@sunproductsettement.com ostensibly missing a letter.

7

the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing, and if so, whether they will appear with separate counsel; (e) their signature; (f) the case name and case number (*In re Johnson & Johnson Aerosol Sunscreen Marketing, Sales Practices and Products Liability Litigation*, MDL No. 3015); (g) a detailed list of any other objections submitted by the Class Member, or his/her counsel, in any class actions in any court, whether state or otherwise, in the United States in the previous five (5) years; and (h) documents sufficient to establish the person's standing as a Settlement Class Member, i.e., verification under penalty of perjury as to the person's purchase of Aerosol Products or Non-Aerosol Products during the Class Period, or a Proof of Purchase. If the Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

18. Class Members who fail to file and serve timely written objections in compliance with the requirements of the foregoing paragraph shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement and to any of the following: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the Fee Award to

Class Counsel; and (d) whether to approve the payment of Class Representative Incentive Awards to the Class Representatives.

### Final Approval Hearing[3]

19. The Final Approval Hearing shall be held before this Court on **August 12, 2022, at 2:00 p.m.**, via Zoom videoconference, to determine: (a) whether the proposed Settlement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of the Fee Award to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representatives.  Instructions for attending virtually shall be provided at a later date by subsequent order.

20. Plaintiffs and Class Counsel shall file their Motion for Final Approval by no later than **June 24, 2022**.

21. Plaintiffs and Class Counsel shall file their Fee Application by no later than **thirty-five (35) calendar days** before the Objection and Exclusion Date and the Claims Deadline.

### Related Orders

22. All further proceedings in the Action are **STAYED** until Final Judgment or termination of the Settlement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement.

---

[3] The dates are different than contemplated during the hearing held on February 17, 2022, in order to ensure the parties have sufficient time to comply with this Order.

9

23. Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement, whether favorable or unfavorable.

24. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

25. If the Settlement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement had not been negotiated, made, or filed with the Court. In such event, the Parties will retain all rights as if the Settlement was never agreed upon.

26. In the event that the Settlement is terminated pursuant to the provisions of the Settlement or for any reason whatsoever the approval of it does not become Final, then: (a) the Settlement shall be null and void, including any provision related to the award of attorneys' fees, costs and expenses; (b) all negotiations, proceedings, documents prepared, and statements made in connection with the Settlement shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement shall not shield from subsequent discovery any factual information provided in

connection with the negotiation of the Settlement that would ordinarily be discoverable but for the attempted settlement; and (c) other than as expressly preserved by the Settlement in the event of its termination, the Settlement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of March 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF