# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 0:21-md-03015-SINGHAL/Valle

| | |
|---|---|
| IN RE:<br><br>JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL CASE NO.: 3015 |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | |

**JOINT DECLARATION OF R. JASON RICHARDS AND BRYAN F. AYLSTOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**

Pursuant to 28 U.S.C. § 1746, We, R. Jason Richards and Bryan F. Aylstock, hereby declare and state:

1. R. Jason Richards is a partner at Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO") and counsel of record for Plaintiffs Meredith Serota, Jacob Somers, Lauren Harper, Heather Rudy, Fredric Salter, Judith Barich, Dina Casaliggi, Kelly Granda, Kyra Harrell, and Carman Grisham, Katherine Brennan and Michelle Mang (collectively "Plaintiffs"). He is submitting this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards. The following statements are based on his personal knowledge and review of the files and, if called on to do so, he could and would testify competently thereto.

2. Bryan F. Aylstock is a founding partner at AWKO and counsel of record for Plaintiffs. He is submitting this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards. The following statements are based on his personal knowledge and review of the files and, if called on to do so, he could and would testify competently thereto.

-1-

3. Mr. Richards and Mr. Aylstock are over the age of eighteen and am fully competent to make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards.

## MEDIATION AND SETTLEMENT

4. On September 8, 2021, the Parties participated in a full day mediation session with the Honorable John C. Lifland (Ret.).

5. The Parties did not reach settlement during this mediation but continued to engage in settlement discussions outside of mediation. The parties also continued to exchange documents and information regarding their respective positions.

6. In the subsequent weeks, the Parties continued to negotiate and finalize all terms of this Settlement Agreement, and executed the final form on December 17, 2021. The Parties negotiated attorneys' fees and costs only after reaching agreement on the monetary and injunctive relief for the Class.

7. At all times, the negotiations were conducted at arms-length.

## Work Performed by Counsel, Hours and Expenses

8. To date, Mr. Richards and Mr. Aylstock (collectively referred to as "Class Counsel") have diligently investigated, prosecuted, and dedicated substantial resources to the claims in this matter. Class Counsel have spent hundreds of hours investigating and litigating this case since 2021, and have personally:

- reviewed thousands of pages of documents;
- engaged in early written and telephonic "meet and confer" discussions with counsel for Defendant Johnson & Johnson Consumer Inc. ("JJCI");
- interviewed and corresponded with dozens of witnesses and potential class representatives in numerous states and in some instances their attorneys as well;

- engaged in propounding Freedom of Information Act requests;
- preparing and filing the original and amended complaints in the first-filed *Serota* and *Brennan* actions;
- assisted in preparing and serving a pre-suit notice letter to JJCI;
- vetted and retained experts in this action;
- engaged and participated in reviewing and propounding written discovery requests;
- conducted investigations with clients regarding their experiences with JJCI's recall program;
- participated in drafting and filing Plaintiffs' interested party response in support of consolidation before the Joint Panel on Multidistrict Litigation;
- engaged in initial settlement discussions with JJCI;
- engaged in the voluntary exchange of information with JJCI;
- engaged in mediation with JJCI before a neutral mediator;
- worked with co-counsel on related actions;
- assisted in developing confirmatory discovery requests and served them on JJCI;
- executed a non-disclosure agreement with JJCI;
- facilitated testing on sunscreen samples;
- engaged in numerous settlement discussions with JJCI;
- negotiated, drafted, and executed a term sheet with JJCI;
- negotiated, drafted, and executed the Settlement Agreement with JJCI;
- participated in drafting and filing Plaintiffs' motion for appointment of interim lead counsel for the putative class;
- worked with co-counsel on retaining a Claims Administrator;
- participated in drafting a motion for preliminary approval of class action settlement;
- reviewed and edited notice documents;
- participated in negotiating and drafting a protective order with JJCI;
- conducted confirmatory discovery on JJCI;
- arranged for the production of discovery to non-participating class

    counsel; and

- prepared and responded to other substantial law and motion matters.

9. Class Counsel will continue to expend time and effort to ensure that settling Class members are able to file claims and receive benefits from the settlement and continue to perform the necessary functions expected of Class Counsel, including continuing to monitor the notice program, communicating with the Claims Administrator (Rust Consulting), responding to Class member inquiries now and throughout the remainder of the claims administration process, responding to objections, if any, preparing for and attending the final approval hearing, continuing to oversee the claims administration process, including addressing any claim issues, monitoring distribution of voucher payments to Class members; and potentially handling post-judgment appeals. The current application for fees in this Motion do not include the significant time that is likely to be expended on these future efforts.

10. From inception to today's date, Class Counsel's firm has spent hundreds of partner hours developing and managing the case, engaging in discovery, working with experts, drafting and filing pleadings, engaging in mediation and settlement discussions, and client management, among other tasks. In addition, only partners at AWKO performed work in this matter. The specific hours dedicated by each AWKO attorney in this matter are as follows:

**AWKO**

R. Jason Richards (partner): 586.3 hours

Bryan F. Aylstock (partner): 379.2 hours

Daniel Thornburgh (partner): 25.2 hours

Justin Witkin (partner): 3.3

Stephen Echsner (partner): 3.4

Mary Liu (partner): 2.5

AWKO Total: 999.9 hours

11. In our experience, the aforementioned tasks are typical of this sort of litigation. They were necessary to the successful prosecution and resolution of the claims.

12. Class Counsel has reviewed the attorney billable hours submitted by the other appointed Class Counsel in this litigation and a summary of those hours are as follows:

**Bradley/Grombacher**

Kiley Grombacher (partner) – 565.1 hours

Marcus Bradley (partner) – 29.5 hours

Lirit King (associate) – 52.7 hours

Lesley Joyer (associate) – 28.4 hours

Rob Fisher (associate) – 55.7 hours

Total: 731.4 hours

**Walsh Law**

Alex Walsh (partner) – 4.5 hours

Kim Channick (senior associate) – 70.49 hours

Total: 74.99 hours

**Keller Postman**

Seth Meyer (partner) – 289.5 hours

Nicole Berg (partner) – 0.5 hours

Alex Dravillas (associate) – 70.4 hours

Jennifer Hanna (associate) – 0.78 hours

Total: 360.68 hours

**Beasley Allen**

David Byrne (partner) - 383.3 hours

     Andy Birchfield (partner) – 1.7 hours

     Total: 385 hours

13.  Class Counsel submit these billable hours for the purpose of the Court engaging in a lodestar cross-check as deemed necessary, consistent with applicable law in the Eleventh Circuit. *See Waters v. Inter. Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999) (noting "while we have decided in this circuit that a lodestar calculation is not proper in common fund cases, we may refer to that figure for comparison.").

14.  The hours Class Counsel has billed in this action are reasonable, reflect the intensity with which issues were disputed, and the amount of work necessary for this litigation to culminate in the successful resolution of behalf of the Class.

15.  Class Counsel reviewed their time records and made their best efforts to reduce duplicate billing. Time is billed in 1/10 hour increments per this Court's previous order. *See* Order at p. 3 (Doc.67) ("All work time for each firm shall be maintained in at least one-tenth (.1) hour increments, or smaller increments if the individual or firm regularly keeps time in smaller increments.") In addition, Class Counsel does not use block billing and maintains contemporaneous time records.

16.  Class Counsels' total hours do not include time spent on the Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards, nor time for which Class Counsel at my firm has not and will not seek reimbursement.

17.  Class Counsels' hourly rate for partners is $950 per hour based upon their experience and the skill required in performing the work. Similar rates have been approved for AWKO partners in past MDL matters. *See In re Actos (Pioglitazone) Prods. Liab. Litig.*, 274 F.Supp.3d 485, 574 (W.D. La. 2017) (awarded $895/hr); *In re Avandia Mktg, Sales Prac. & Prod. Liab. Litig.*, 2020 WL 5078106 at *2, 4 (E.D. Pa. July 29, 2020) (awarded $805/hr). Attorneys with

-6-

similar seniority and experience have been approved for comparable or higher rates by courts in this district. *See, e.g., Vital Pharms., Inc v. Pepsico, Inc*., 2021 WL 3639819, at *5 (S.D. Fla. May 3, 2021) (approving a $1,313 hourly rate for a New York partner).

18. AWKO's lodestar based on 999.9 billable hours at the firm's current partner rate of $950 per hour is $949,905.00.

19. Class Counsel took measures to litigate this case efficiently.

20. Class Counsel communicated proactively among firms to ensure that no duplicate work would occur.

21. Class Counsel litigated this case on a contingent basis, and have received no compensation for their efforts during the course of this litigation.

22. Class Counsels' firm has advanced $54,433.36 in reasonable expenses, knowing that if our efforts were unsuccessful, we would not receive payment or other reimbursement for either our work or expenses.

23. These costs are attributable to ordinary and necessary costs as follows:

| Costs and Expenses | Amount |
|---|---|
| Copies/Printing | $435.50 |
| Travel | $10,646.97 |
| Meals | $2,680.80 |
| Filing Fees/Court Costs | $2,249.00 |
| Process Service | $700.00 |
| Telephone | $32.41 |
| Expert Fees | $16,682.00 |
| Testing | $12,000.00 |
| Research/Discovery | $8,770.10 |
| Postage/Delivery | $236.58 |
| **Total** | **$54,433.36** |

24. Class Counsel has reviewed these costs to ensure that they are not excessive or unnecessary.

25. The work and participation of Plaintiffs were essential to achieve the settlement.

26. In addition to its own costs, Class Counsel has reviewed the costs incurred by other appointed Class Counsel in this litigation and a summary of those unreimbursed costs are as follows:

>Bradley/Grombacher - $53,769.85
>
>Beasley Allen - $5,124.78
>
>Keller Postman - $1,560.10

**Plaintiffs and the Class Members**

27. Plaintiffs have represented the interests of the putative Class members throughout this litigation, will continue to do so, and understand their obligations as class representatives. To my knowledge, the Plaintiffs have no interests antagonistic or conflicting with the Class they have been appointed to represent.

28. The Plaintiffs have never retained any of the Class Counsel firms prior to this case.

29. Plaintiffs have retained counsel with experience and expertise in the areas of complex litigation and class actions, as well as in the specific areas of consumer protection at issue herein.

**Qualifications and Experience**

30. AWKO is a national law firm with experience in products liability law, mass torts, class actions, insurance law, and personal injury matters. AWKO has extensive experience litigating claims in multidistrict litigations as well as experience in consumer class actions. AWKO also employs on-site IT specialists and a database administrator and software developer. Within

just the past eight months, members of AWKO have led or co-led multiple MDL trials that have resulted in more than $250 million in jury verdicts in several different federal district courts. Details on the work, experience and accomplishments of the firm can be found at www.awkolaw.com.

31. R. Jason Richards has been a member of the State Bar of Colorado since 2001 and a member of the State Bar of Florida since 2005. He holds the following degrees: B.A., University of Alabama at Birmingham; B.A., University of Alabama at Birmingham; M.A., University of Colorado; J.D., University of Illinois Chicago School of Law; L.L.M., DePaul University College of Law. He served as a Deputy District Attorney in Colorado prosecuting misdemeanor and felony cases before joining AWKO in 2004. Since joining AWKO, he has specialized in products liability, class actions, and insurance law and has litigated thousands of cases.

32. Bryan F. Aylstock has been a member of the State Bar of Florida since 1996, a member of the State Bar of Alabama since 1999, and a member of the State Bar of Mississippi since 2002. He holds the following degrees: B.A., University of North Florida; J.D., University of Florida College of Law. His involvement in various forms of multidistrict litigation and class action litigation spans more than 25 years during which time he has litigated thousands of cases.

33. Class Counsel, along with their partners at AWKO, have significant multidistrict litigation and class action experience. Notable examples of this experience include: Class Actions – *Hinote, et al. v. Ford Motor Company, et al.*, Circuit Court, Escambia County, Florida, Case No. 2004- CA-01658; *In re: MCI Non-Subscriber Tel. Rates Litig*, MDL Docket No. 1275 (S.D. Ill); *In re: America Online, Inc. Version 5.0 Software Litig.,* MDL Docket No. 1341 (S.D. Fla); *Ouellette v. Wal-Mart*, Circuit Court, Washington County, Florida, Case No. 67-01- CA-32; *In re: DryClean USA Litig.*, Circuit Court, Dade County, Florida, Case No. 02- 27169-CA-27; *In re: Shell Defective Gas Litig.*, Circuit Court, Dade County, Florida, Case No. 04-12297-CA-10; and *Begley v Ocwen*

*Loan Servicing, LLC*, Case No. 3:16-cv-00149 (N.D. Fla.).

Members of the firm have also litigated other national class action cases, including: *In re: Honey Transshipping Litig.,* 13-cv-02905 (N.D. Ill.); *Cottrell, et al. v. Alcon Labs., et al.*, 3:14- cv-05859 (D. N.J.); *In re: Microsoft Antitrust Litig.,* MDL Docket No. 1332 (D. Md.), as well as numerous state court class actions such as *In re: Baker v. Baptist Hospital, Inc*., Circuit Court, Santa Rosa County, Florida, Case No. 2010-CA-1591; *Patel v. Citizens Property Ins. Corp.*, Circuit Court, Escambia County, Florida, No. 05-284; and *Lowry v. Vanguard Fire & Cas. Co.*, Circuit Court, Santa Rosa County, Florida, Case No.05- 674.

Courts around the country have appointed the firm's attorneys to positions of leadership in a variety of national litigations. Examples include: Multidistrict Litigations – *In re: 3M Combat Arms Earplug Prods. Liab. Litig*., MDL 2885 (Lead Counsel and member of the Court Appointed Settlement Committee); *In re: Abilify Products Liab. Litig*., MDL 2734 (Liaison Counsel); *In re: Ethicon, Inc., Pelvic Repair System Prod. Liab. Litig*., MDL 2327 (Co-Lead Counsel); *In re: Avandia Marketing, Sales Practices and Prod. Liab. Litig*., MDL 1871 (Co- Lead Counsel); *In re: Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig*., MDL 2004 (Co- Lead Counsel); *In re: Effexor (Venlafaxine Hydrochloride) Prod. Liab. Litig*., MDL 2458 (Co- Lead Counsel and Multi-District Coordinating Counsel); *In re: Zoloft (Sertraline Hydrochloride) Prod. Liab. Litig*., MDL 2342 (Coordinating Counsel); *In re: Incretin Mimetics Prod. Liab. Litig*., MDL 2452 (Plaintiffs' Executive Committee); *In re: Pradaxa (Dabigatran Etexilate) Prod. Liab. Litig*., MDL 2385 (PEC); *In re: Actos (Pioglitazone) Prod. Liab. Litig.,* MDL 2299 (PSC and Plaintiffs' Settlement Review Committee); *In re: Viagra Prods. Liab. Litig.,* MDL 1724 (PSC and Co-Lead Settlement Counsel); *In re: Biomet M2a Magnum Hip Implant Prod. Liab. Litig*., MDL 2391 (PSC); *In re: Stryker Rejuvenate and ABGII Hip Implant Prod. Liab. Litig*., MDL 2441 (PSC); *In re: Ethicon, Inc. Power Morcellator Prod. Liab. Litig*., MDL 2652 (PSC); *In re: Xarelto*

-

*(Rivaroxaban) Prod. Liab. Litig.*, MDL 2592 (PSC*); In re: Zimmer NexGen Knee Implant Prod. Liab. Litig.*, MDL 2272 (PSC); *In re: Biomet M2a Magnum Hip Implant Prod. Liab. Litig.*, MDL 2391 (PSC); *In re: Stryker Rejuvenate and ABGII Hip Implant Prod. Liab. Litig.*, MDL 2441 (PSC); *In re: Fleet Oral Sodium Phosphate Litig.,* MDL 2066 (PSC); and *In re: Trasylol Prod. Liab. Litig.*, MDL 1928 (PSC).

34. As set forth above, Class Counsel has substantial experience and resources to bring to bear in this matter on behalf of Plaintiffs and the proposed settlement class. They have committed, and will continue to commit, their experience and resources to adequately represent Plaintiffs and the proposed class through the conclusion of this action.

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 2nd day of June, 2022 at Pensacola, Florida.

By: /s/R. Jason Richards
R. Jason Richards

By: /s/Bryan F. Aylstock
Bryan F. Aylstock

-