**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL/Valle**

| | |
|---|---|
| **IN RE:**<br><br>**JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**<br><br>_____/<br><br><br>**THIS DOCUMENT RELATES TO: ALL CASES**<br><br><br>_____/ | **MDL CASE NO.: 3015** |

**COMPENDIUM OF PLAINTIFFS DECLARATIONS IN SUPPORT OF MOTION FOR**

**FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF**

**ATTORNEYES' FEES, COST AND SERVICE AWARD**

     Plaintiffs hereby submit the following Compendium of Declarations in Support of

Motion for Final Approval of Class Action Settlement.

| DOCUMENT | TAB |
|---|---|
| Declaration of Katherine Brennan | 1 |
| Declaration of Michelle Mang | 2 |
| Declaration of Meredith Serota | 3 |
| Declaration of Fredric Salter | 4 |

| | |
|---|---|
| Declaration of Jacob Somers | 5 |
| Declaration of Lauren Harper | 6 |
| Declaration of Dina Casaliggi | 7 |
| Declaration of Kelly Granda | 8 |
| Declaration of Kyra Harrell | 9 |
| Declaration of Heather Rudy | 10 |
| Declaration of Judith Barich | 11 |
| Declaration of Carmen Grisham | 12 |

# TAB 1

Declaration of Katherine Brennan

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                                           MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____ /

**THIS DOCUMENT RELATES TO: ALL CASES**
_____ /

**DECLARATION OF KATHERINE BRENNAN IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Katherine Brennan, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc*., No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.      In or around April 2018, I purchased numerous Neutrogena sunscreen products, including Beach Defense® Water + Sun Protection Sunscreen Spray Broad SPF 70 from Costco Wholesale in San Leandro, located in Alameda County, California. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

1

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys.  I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court.  I believe this settlement has and will continue to will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.

*Katherine Brennan*
Katherine Brennan (Jun 17, 2022 10:09 PDT)
_____
KATHERINE BRENNAN

*Class Representative*

# TAB 2

## Declaration of Michelle Mang

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                               MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____ /

**THIS DOCUMENT RELATES TO: ALL CASES**
_____ /

<u>**DECLARATION OF MICHELLE MANG IN SUPPORT OF PLAINTIFFS' MOTION**</u>
<u>**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**</u>

I, Michelle Mang, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc*., No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.      Between 2017 and 2019, I purchased Neutrogena Cool Dry Sport Water-Resistant Sunscreen Spray SPF 50, Beach Defense® Water + Sun Protection Sunscreen Spray Broad Spectrum SPF 70, and Ultra Sheer Dry-Touch Water Resistant Sunscreen Lotion SPF 70 at Walmart, 600 Showers Dr., Mountain View, CA 94040 and Target, 555 Showers Dr., Mountain View, CA 94040. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact

1

when I spent money to purchase products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.       Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.       When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys.  I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.       At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.       Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.       Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.       I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.       I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court.  I believe this settlement has and will continue to will

provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that

fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.

Michelle Mang (Jun 18, 2022 07:57 PDT)

MICHELLE MANG

*Class Representative*

3

# TAB 3

Declaration of

Meredith Serota

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                                    MDL CASE NO.: 3015

JOHNSON & JOHNSON SUNSCREEN
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION
_____ /


THIS DOCUMENT RELATES TO: ALL CASES
_____ /


**DECLARATION OF MEREDITH SEROTA IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Meredith Serota, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc*., No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.      In or around March 20, 2020, I purchased Neutrogena Ultra Sheer® Weightless Sunscreen Spray SPF 100+ (Qty 2) and Neutrogena Ultra Sheer Face Mist SPF 55 (Qty 4) from Target, located at 3599 W. Hillsboro Blvd. Deerfield Beach, Florida 33442, in Broward County. I paid approximately $8.99 each for the Neutrogena Ultra Sheer® Weightless Sunscreen Spray SPF 100+ and $12.99 each for the Neutrogena Ultra Sheer Face Mist SPF 55. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products, I

1

would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys.  I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court.  I believe this settlement has and will continue to will

provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.


Meredith Serota (Jun 17, 2022 16:11 EDT)

MEREDITH SEROTA

*Class Representative*

# TAB 4

## DECLARATION OF FREDRIC SALTER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                                    MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____ /

**THIS DOCUMENT RELATES TO: ALL CASES**
_____ /

**DECLARATION OF FREDRIC SALTER IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Fredric Salter, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc*., No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.      Within the past four years, I purchased Neutrogena sunscreen products from Costco in Montgomery County, Maryland. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products,

1

I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys.  I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court.  I believe this settlement has and will continue to will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

2

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.

FREDRIC SALTER (Jun 17, 2022 14:43 EDT)

FREDRIC SALTER

*Class Representative*

# TAB 5

## DECLARATION OF JACOB SOMERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                                          MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**

_____ /

**THIS DOCUMENT RELATES TO: ALL CASES**

_____ /

<u>**DECLARATION OF JACOB SOMERS IN SUPPORT OF PLAINTIFFS' MOTION FOR**</u>
<u>**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**</u>

I, Jacob Somers, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.      Within the past 4 years, I purchased numerous Neutrogena sunscreen products, including Neutrogena Beach Defense SPF 100, from Walmart in Escambia County, Florida. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys.  I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court.  I believe this settlement has and will continue to will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

2

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.

Jacob Somers (Jun 20, 2022 08:35 CDT)

JACOB SOMERS

*Class Representative*

# TAB 6

## DECLARATION OF LAUREN HARPER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                                      MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____ /


**THIS DOCUMENT RELATES TO: ALL CASES**
_____ /


**DECLARATION OF LAUREN HARPER IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Lauren Harper, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc*., No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.      Within the past four years, I purchased Neutrogena Beach Defense Sunscreen Spray SPF 70 from Target, located at 1985 Sheridan Blvd., Edgewater, Colorado 80214, in Jefferson County, Colorado. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

1

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys.  I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court.  I believe this settlement has and will continue to will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.

Lauren Harper (Jun 17, 2022 11:15 MDT)

LAUREN HARPER

*Class Representative*

# TAB 7

DECLARATION OF

DINA CASALIGGI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                              MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____ /

**THIS DOCUMENT RELATES TO: ALL CASES**
_____ /


**DECLARATION OF DINA CASALIGGI IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Dina Casaliggi, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc.*, No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.     I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.     In or around 2020, I purchased Neutrogena Beach Defense Sunscreen Spray SPF 50 in Brooklyn, New York. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.     Shortly after learning of the benzene contamination in Defendants' Sunscreen Products,

1

I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys.  I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court.  I believe this settlement has and will continue to will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.

Dina Casaliggi (Jun 17, 2022 13:10 EDT)

DINA CASALIGGI

*Class Representative*

# TAB 8

## DECLARATION OF KELLY GRANDA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                                    MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**

_____ /

**THIS DOCUMENT RELATES TO: ALL CASES**

_____ /

**DECLARATION OF KELLY GRANDA IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

     I, Kelly Granda, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc*., No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

     1.     I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

     2.     In or around July 1, 2021, I purchased Neutrogena Beach Defense Sunscreen Spray SPF 50 for $13.91 from Sam's Club, located in Brooklyn, Ohio. In or around June 24, 2021, I purchased Neutrogena Beach Defense Sunscreen Spray SPF 30 for $12.99 and Neutrogena Wet Skin Kids Sunscreen Spray SPF 70 for $13.99 from FSAstore.com, an online retailer. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase

1

products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.     Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.     When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys.  I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.     At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.     Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.     Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.     I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.     I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court.  I believe this settlement has and will continue to will

provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.


Kelly Granda (Jun 17, 2022 13:35 EDT)

KELLY GRANDA

*Class Representative*

# TAB 9

## DECLARATION OF KYRA HARRELL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                                    MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____ /

**THIS DOCUMENT RELATES TO: ALL CASES**
_____ /

**DECLARATION OF KYRA HARRELL IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Kyra Harrell, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc*., No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.      In or around March 2021, I purchased Neutrogena Ultra Sheet Sunscreen Spray SPF 100+ from Walmart, located at 2295 Gable Road, St. Helens, Oregon 97051. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

1

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys. I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court. I believe this settlement has and will continue to will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

2

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.

Kyra M. Harrell (Jun 17, 2022 10:33 PDT)
_____
KYRA HARRELL

*Class Representative*

# TAB 10

## DECLARATION OF HEATHER RUDY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                                    MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____/

**THIS DOCUMENT RELATES TO: ALL CASES**
_____/

**DECLARATION OF HEATHER RUDY IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Heather Rudy, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc*., No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.      Within the past four years, I purchased numerous Neutrogena sunscreen products, including Neutrogena Beach Defense Sunscreen Spray SPF 100 and Neutrogena Beach Defense Sunscreen Spray SPF 30, from Walgreens in Gurney, Illinois and Walmart in Waukegan, Illinois. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

1

DocuSign Envelope ID: 48226GA3-32B9-4066-8D85-6E2EE09CBB74

3. Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4. When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys. I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5. At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6. Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7. Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8. I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9. I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court. I believe this settlement has and will continue to will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.

_Heather Rudy_
HEATHER RUDY

_Class Representative_

# TAB 11

## DECLARATION OF JUDITH BARICH

DocuSign Envelope ID: EC287529-48BF-4E58-8DE0-F106BEBCF578

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 0:21-md-03015-SINGHAL

IN RE:                                                          MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____/


**THIS DOCUMENT RELATES TO: ALL CASES**

_____/


## DECLARATION OF JUDITH BARICH IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Judith Barich, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc*., No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.      Within the past four years, I purchased numerous Neutrogena sunscreen products, including Neutrogena Beach Defense Sunscreen Spray SPF 100 and Neutrogena Beach Defense Sunscreen Spray SPF 70, from Walgreens, located at 8720 W. Grand River Rd., Brighton, Michigan 48116 and/or Meijer, located at 8650 Grand River Ave., Brighton, Michigan 48116. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to

1

DocuSign Envelope ID: EC287529-48BF-4E58-8DE0-F106BEBCF578

purchase products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys.  I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court.  I believe this settlement has and will continue to will

provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10. I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11. Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12. Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13. I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award. I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.

DocuSigned by:

*Judith M Barich*

B6EFC40F618E4F2...

JUDITH BARICH

*Class Representative*

# TAB 12

## DECLARATION OF CARMEN GRISHAM

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:21-md-03015-SINGHAL**

IN RE:                                                    MDL CASE NO.: 3015

**JOHNSON & JOHNSON SUNSCREEN**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**
_____ /

**THIS DOCUMENT RELATES TO: ALL CASES**
_____ /

**<u>DECLARATION OF CARMEN GRISHAM IN SUPPORT OF PLAINTIFFS' MOTION</u>**
**<u>FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

I, Carmen Grisham, named Plaintiff in the matter of *Serota, et al. v. Johnson & Johnson Consumer Inc*., No. 21-cv-61103 (S.D. Fla.), hereby declare as follows:

1.      I respectfully submit this declaration in support of Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Parties' Class Settlement. I further submit this declaration in support of my final appointment as a Class Representative.

2.      Within the past four years, I purchased numerous Neutrogena sunscreen products, including Neutrogena Beach Defense SPF 60+ (Qty 2) and Neutrogena Beach Defense SPF 70 within the State of Washington. During that time, I was unaware that Defendants' Sunscreen Products may be adulterated with benzene. I purchased the Defendants' Sunscreen Products on the assumption that the labeling of Defendants' Sunscreen Products was accurate and that the products were unadulterated, safe and effective. I would not have purchased Defendants' Sunscreen Products had I known there was a risk the products may contain benzene. As a result, I suffered injury in fact when I spent money to purchase products, I would not otherwise have purchased absent Defendants' conduct as alleged in my First Amended Class Action.

1

3.      Shortly after learning of the benzene contamination in Defendants' Sunscreen Products, I decided to join the litigation and pursue claims against Defendants. I felt that the company had deceived me and other consumers and I wanted to put an end to what I believed were deceptive practices.

4.      When I agreed to represent other consumers, I understood it was my duty to be readily available and to participate actively in this case. I knew that I would be required to, and in fact did, review documents, search for documents and produce them to my attorneys.  I was also prepared to answer written interrogatories and questions, potentially answer oral questions and testify truthfully under oath, and be available to appear in Court, if necessary. I understood that I needed to maintain awareness of the status and progress of the lawsuit.

5.      At that time, I also realized I was taking a significant amount of risk in filing class action claims against Defendants. I understood that, in bringing this case, my name would be part of the public record in connection with this lawsuit. I decided to proceed anyway because I wanted to stand up for the rights of consumers in addition to my own.

6.      Since filing this class action lawsuit on May 25, 2021, I have fully participated in the litigation, maintained regular contact with the proposed Class Counsel, and stayed informed about the progress of the case.

7.      Further, I remained informed throughout the negotiations surrounding the proposed Class Settlement by having regular communications with the proposed Class Counsel.

8.      I believe that the proposed Class Counsel have adequately and vigorously represented me and the proposed Settlement Class throughout the entirety of the settlement negotiations.

9.      I understand the Parties have reached a proposed class-wide Settlement that has been preliminarily approved by the Court.  I believe this settlement has and will continue to will provide valuable monetary and equitable relief to the individual consumers who purchased Defendants' benzene-contaminated sunscreen products.

10.     I believe that the Settlement is an outstanding result for the proposed Settlement Class that confers significant monetary, equitable and prospective relief without the need for trial such that fully approve the Settlement. I expressed my approval of the Settlement's terms and benefits to my proposed Class Counsel prior to the Parties reaching an agreement.

11.     Further, I believe that the terms of the proposed Settlement are fair, reasonable, and adequate and provide meaningful and immediate relief to the proposed Settlement Class.

12.     Therefore, I respectfully request that the Court grant final approval of the proposed Settlement in the Consolidated Actions; direct notice of the Settlement to the Settlement Class; appoint me as a Class Representative; and, appoint R. Jason Richards of Aylstock, Witkin, Kreis & Overholtz PLLC and Kiley Grombacher of Bradley/Grombacher LLP as Class Counsel, in addition to any other Class Counsel approved by the Court.

13.     I acknowledge and understand that Class Counsel sought compensation in the form of an incentive award for my services as a putative class representative and I further acknowledge and understand that the Settlement is not contingent on my receiving any such incentive award.  I understand that the law in the Eleventh Circuit is somewhat unsettled on my entitlement to such money and I would request that the Court retain jurisdiction to determine whether I will receive an award until such time as the issue is finally settled.

Carmen Grisham (Jun 20, 2022 10:34 MDT)

CARMEN GRISHAM

*Class Representative*